1  LAWRENCE BREWSTER
   Regional Solicitor
2  SUSAN GILLETT KUMLI
   Counsel for Safety and Health
3  **ISABELLA M. DEL SANTO, Trial Attorney**
   California State Bar Number 172782
4  Office of the Solicitor
   United States Department of Labor
5  71 Stevenson Street, Suite 1110
   San Francisco, California 94105
6  Telephone:  (415) 975-4935
   Facsimile:  (415) 975-4495
7  e-mail: isabella.delsanto@dol.gov
8
   Attorneys for Plaintiff
9  ELAINE CHAO, Secretary of Labor
   U.S. Dept. of Labor

10
11                UNITED STATES DISTRICT COURT
12                    DISTRICT OF ARIZONA

13  In the Matter of              ) CIVIL ACTION NO.
                                  ) 06-MC-21-FRZ
14  Establishment Inspection of:  ) APPLICATION FOR INSPECTION
                                  ) WARRANT UNDER THE OCCUPATIONAL
15  **CASINO DEL SOL**            ) SAFETY AND HEALTH ACT OF 1970
16  **PASCUA YAQUI TRIBE**        )
                                  )
17                                )
                                  )
18                                )
                                  )
19  _____)

20  TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

21       Comes now the Secretary of Labor, United States
22  Department of Labor, acting through her Attorney, who
23  applies to this Court for an inspection warrant pursuant to
24  section 8 of the Occupational Safety and Health Act of 1970
25  (29 U.S.C. § 651 et seq.), hereinafter referred to as "the
26  Act," and the regulations issued pursuant thereto, for the
27  safety and health inspection and investigation of the
28  Casino del Sol, Pascua Yaqui Tribe, located at 5655 W.

Valencia Road, Tucson, Arizona (hereinafter "Casino del Sol").

1. The Casino del Sol is engaged in the gaming industry with a worksite and business located at 5655 W. Valencia Road, Tucson, Arizona, within the jurisdiction of this Court. The aforesaid worksite houses the workplace of employees, who are employed by an employer believed to be engaged in a business affecting commerce, and is subject to the requirements of Section 3(3) the Act, 29 U.S.C. § 652(3).

2. Section 5(a) of the Act, 29 U.S.C. § 654(a), requires that an employer engaged in a business affecting commerce "(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees; [and] (2) shall comply with occupational safety and health standards promulgated under this Act."

3. The desired inspection is part of an inspection and investigation program, as set forth in greater detail below, designed to assure compliance with the Act and is authorized by section 8(a) of the Act.

4. Section 8(a) of the Act provides for inspections and investigations to determine compliance with the Act and said regulations as follows:

> Section 8(a). In order to carry out the purposes of this Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized-

    (1)  to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

    (2)  to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

5.   Advance notice of inspections to be conducted under the Act is prohibited by Section 17(f) of the Act, 29 U.S.C. § 666(f).

6.   Under the authority of Section 8(g)(2) of the Act to prescribe "regulations dealing with the inspection of an employer's establishment," the Secretary of Labor has promulgated 29 C.F.R. § 1903.4, authorizing the Area Director of the Occupational Safety and Health Administration (OSHA) or his designee to obtain compulsory process to conduct an inspection, including ex parte application for an inspection warrant. See also Marshall v. Barlow's Inc., 436 U.S. 307 (1978); Colonnade Catering Corp. v. United States, 397 U.S. 72 (1970); See v. City of Seattle, 387 U.S. 541 (1967); Camara v. Municipal Court, 387 U.S. 523 (1967); Reich v. Kelly-Springfield Tire Co., 13 F.3d 1160 (7th Cir. 1994); In re Kohler Company, 935 F.2d 810 (7th Cir. 1991); In re Midwest Instruments, 900 F.2d 1150 (7th Cir. 1990); In re Cerro Copper Products Company, 752 F.2d 280 (7th Cir. 1985); Burkart Randall Div. of Textron, Inc. v. Marshall, 625 F.2d 1313 (7th Cir.

1980); Stoddard Lumber Co. Inc. v. Marshall, 627 F.2d 984 (9th Cir. 1980); and Marshall v. Chromalloy American, 589 F.2d 1335 (7th Cir. 1979).

    7.    The Court has jurisdiction for the ex parte issuance of an administrative inspection warrant under section 8(a) of the Act. Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816 (1978); Marshall v. W and W Steel Company, Inc., 604 F.2d 1322 (10th Cir. 1979). Probable cause for the issuance of an administrative warrant under Section 8(a) of the Act may be based either upon specific evidence of an existing violation or upon a showing that the proposed inspection is pursuant to an administrative plan containing specific neutral criteria. Marshall v. Barlow's, Inc., supra, at 436 U.S. 319, 98 S.Ct. 1824; Martin v. International Matex Tank Terminals--Bayonne, 928 F.2d 614, 622 (3d Cir. 1991).

    8.    The accompanying affidavit of Connie Hunt, Director of Enforcement and Investigations, of the San Francisco Regional Office of the Occupational Safety and Health Administration (OSHA), describes how the above worksite was selected pursuant to an administrative plan containing neutral selection criteria as follows:

> Chapters I and II of the OSHA Field Inspection Manual, Instruction CPL 2.103, direct that programmed inspections be scheduled based on neutral criteria, according to the national scheduling plans for safety and health or special emphasis programs. Local emphasis programs are a type of special emphasis programs in which one or more Area Offices of a Region participate. Local emphasis programmed inspections are conducted in accordance with OSHA Instruction CPL

2-0.102A, Procedures for Approval of Local Emphasis Programs. See attached Exhibit A.

The Regional Office for Region IX has developed a Local Emphasis Program for Warehousing Operations and for Amputations - in accordance with CPL 2-102A - for Region IX's geographical area. A copy of the Regional office's Local Emphasis Programs for Warehousing Operations (E&I Instruction 2-0.102D) and Amputations (E&I Instruction 03-00-002) are attached and incorporated herein as Exhibits B and C. The goal of the Local Emphasis program on Warehousing is to reduce the number of injuries related to hazards associated with ergonomic injury rates, powered industrial trucks, life safety, means of egress and fire suppression. The goal of the Local Emphasis Program on Amputations is to reduce the number of injuries related to hazards associated with saws, shears, slicers, and power presses of all types. The Local Emphasis Program for Warehousing Operations applies to establishments found in areas of exclusive Federal jurisdiction in Arizona, California, Hawaii, Nevada, American Samoa, Guam, and the Northern Mariana Islands, including those located at Federal agencies, Federal installations and Tribal lands in Region IX's jurisdiction. The Local Emphasis Program ("LEP") on Amputations applies to the same geographical areas described for the Warehousing LEP, including typical industries described as machine shops, metal fabricating shops and woodworking shops, among others, associated with shipyards, marine terminals, Federal installations and/or Tribal lands.

Establishments within Region IX's jurisdiction are identified and included in a master list that is divided into industry categories and by geographical location. The lists include Arizona Casinos, California Casinos, Arizona Tribal Industrial Park Companies, USDA sites, and GSA Buildings. These lists were developed through site surveys, local government sources, telephone directories and other available sources. All locations identified in the lists are divided by industry and geography and will be inspected within a twelve-month period. Sites shall be selected randomly. Sites are listed alphabetically within each geographical area. When the number of sites on any area list are limited and all

establishments will be inspected annually, they may be inspected in any order that makes efficient use of available resources considering the availability of inspectors and the most efficient use of inspectors considering the geographic location of the establishment as determined by the Director of Enforcement and Investigations.

A specific workplace is chosen to be inspected in accordance with CPL 2-0-102A and E&I Instruction 2-0.102D entitled "Local Emphasis Program for Warehousing Operations" and E&I Instruction 03-00-002 entitled "Local Emphasis Program for the Local Implementation of the National Emphasis Program on Amputations" (See Exhibits B and C). As generally described in Paragraph B of both LEPs, the local emphasis programs establish an emphasis program which targets for a programmed inspection those establishments that fall within the criteria established in these paragraphs. These instructions provide for OSHA to conduct a comprehensive safety and health inspection for those establishments that fall within the conditions described.

With respect to the present inspection that OSHA seeks to perform, Casino del Sol is believed to be engaged in operations that involve warehousing operations and maintenance facilities. Based upon previous inspections of casinos, it is anticipated that there will be a warehouse where deliveries are made and items are stored either for the short or long term. It is reasonable to expect that an electric or propane powered forklift is utilized to move materials throughout the storage area. It is also reasonable to expect that a casino of this size has a maintenance crew and a maintenance shop that would include stationary and portable industrial tools that fall within the amputation local and national emphasis program. The establishment in question appears in the current inspection cycle on the San Francisco OSHA Office inspection list for these local emphasis programs. (See Exhibit D) OSHA has also determined that this establishment has not previously received a comprehensive safety and health inspection within the last two years.

    Accordingly on October 26, 2006, at the aforesaid location, a duly authorized compliance officer of the Occupational Safety and Health Administration, United States Department of Labor, pursuant to and in accordance with the Act, presented himself to the owner, operator, or agent in charge thereof for the purpose of conducting a safety and health inspection at said location under the authority of the Act.  At the attempt to carry out such purpose, the representative was refused entry upon the premises by persons representing the employer.

    *See* paragraphs 8 through 13 of the Affidavit for Inspection.

    9.   The inspection and investigation will be conducted by one or more compliance officers designated by the Secretary of Labor, United States Department of Labor, to be her authorized representative(s), pursuant to proper and reasonable administrative standards contained in regulations duly issued by the Secretary under authorization granted in the Act and found in 29 C.F.R. § 1903.

    10.  The inspection and investigation will be conducted during regular working hours, within reasonable limits, and in a reasonable manner.  The compliance officer's(s') credentials will be presented to the employer, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness, in accordance with Section 8(a) of the Act.

    11.  Pursuant to OSHA's administrative plan for enforcement as set forth in the LEPs for Warehousing and Amputations, the inspection and investigation will focus on

the safety and health hazards to which employees are exposed at Warehouse and Maintenance facilities and will extend to those areas of the establishment or other areas, workplaces, or environments where such activities associated with warehousing and maintenance work is performed or permitted to be performed by employees of the employer, as well as any hazardous working conditions within the plain view of the compliance officer(s) during the course of the inspection, and to all pertinent conditions, structures, machines, apparatus, devices, equipment, materials, and all other things therein (including a review of records required by the Act and/or directly related to the purpose of the inspection). This investigation will not extend to or include records containing personally identifiable employee medical information within the meaning of 29 C.F.R. § 1910.10.

    12. The compliance officer(s) is(are) authorized by Section 8(a)(2) of the Act to inspect and investigate the place of employment and to question privately any employer, owner, operator, agent, or employee of the general contractor or subcontractor. By regulation at 29 C.F.R. § 1903.7 and OSHA Instruction CPL 2.103, Chapter II, Paragraph A.2.c.(2), pages II-2-3, and Paragraph A.4.d., page II-15, the compliance officer(s) is(are) further authorized to take environmental samples, and to take or obtain photographs and/or videotapes related to the purpose of the inspection.

13. The compliance officer(s) may be accompanied by a representative of Casino del Sol, and a representative authorized by the employees of Casino del Sol, pursuant to section 8(e) of the Act.

14. A return will be made to the Court at the completion of the inspection and investigation.

WHEREFORE, the applicant prays that this Court enter a Warrant for Inspection by authorized representatives of the Occupational Safety and Health Administration upon the premises described above. A proposed warrant is submitted herewith.

Dated: *December 8*, 2006

HOWARD M. RADZELY
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

SUSAN GILLETT KUMLI
Counsel for Safety & Health

*Isabella M. Del Santo*
ISABELLA M. DEL SANTO
Trial Attorney

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff