1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


Elaine L. Chao, Secretary of Labor, United )   No. MC 06-21-TUC-FRZ
States Department of Labor,                  )
                                             )   **ORDER**
            Petitioner,                      )
                                             )
vs.                                          )
                                             )
                                             )
Casino Del Sol, Pascua Yaqui Tribe,          )
                                             )
            Respondent.                      )
                                             )
_____ )

Pending before the Court is the Secretary of Labor's petition for contempt adjudication. For the reasons stated below, the petition is denied.[1]

**I. Discussion**

In December of 2006, the Secretary of Labor filed an ex parte application for a warrant of inspection pursuant to the Occupational Safety and Health Act ("OSHA"). *See* 29 U.S.C. §651, *et seq*. Pursuant to the OSHA, the Secretary of Labor is authorized to enter the property of employers to inspect records, the premises, and privately interview employees to advance the purpose of the OSHA which is to ensure a safe working environment. *See id.* Pursuant to the authority vested in the Secretary of Labor by the OSHA, the application sought a warrant from the Court to inspect records, the physical premises, and privately interview employees at Casino Del Sol.

_____

[1] A review of the record and briefs in this case shows that the May 4, 2007 hearing is unnecessary as the material facts appear undisputed, and only a legal issue remains to be resolved. Therefore, the May 4, 2007 hearing is vacated.

1    In addition to the application for a warrant, the Secretary of Labor also submitted a

2    warrant for inspection for the Court's signature.  Although the application included a request

3    to privately interview employees, the attached warrant for inspection did not mention

4    anything about privately interviewing employees.  The Court signed the attached warrant in

5    December of 2006.  In January of 2007, an inspection officer for the Secretary of Labor

6    arrived at the premises of Casino Del Sol and presented the warrant in question.  Casino Del

7    Sol representatives reviewed the warrant, agreed that the warrant was valid, and allowed the

8    inspection officer to review its records and inspect the premises as that was specifically

9    allowed by the warrant.  However, Casino Del Sol representatives refused to allow the

10   inspection officer to privately interview employees because the warrant did not mention this

11   issue.

12   The Secretary of Labor subsequently filed a petition seeking to hold Casino Del Sol

13   in contempt because it refused to allow the inspection officer to privately interview its

14   employees.  The Secretary of Labor argues that the warrant at issue specifically stated that

15   it was authorized to conduct an investigation of Casino Del Sol pursuant to the OSHA, and

16   the OSHA under 29 U.S.C. §657(a)(2) specifically authorizes private interviews of

17   employees.  In response, Casino Del Sol argues that although the OSHA does authorize

18   private interviews,  the warrant in question omitted any reference to private interviews.  As

19   such, Casino Del Sol argues that it had the right to rely on the scope of inspection authorized

20   in the warrant, the warrant did not specifically authorize private interviews, and therefore it

21   properly refused to allow private interviews.  The Court agrees with Casino Del Sol.

22   As the Supreme Court has recognized, it is firmly established that federal courts have

23   inherent power to sanction parties for contempt of court.  *See Chambers v. NASCO, Inc.*, 501

24   U.S. 32, 43-44 (1991).  This power extends to both conduct before a court and that beyond

25   the court's confines; further, a court has discretion to fashion sanctions as it deems

26   appropriate under the circumstances of the case.  *See id.*  As indicated above, the Court finds

27   that there is no basis to impose sanctions.  As Casino Del Sol correctly argues, in the

28   administrative search context, a warrant is required to satisfy the constitutional requirement

of reasonable searches, and an employer is justified in relying on the warrant to specify the authorized parameters of the inspection.  *See Marshall v. Barlow's, Inc.*, 436 U.S. 307, 323 (1978)("The authority to make warrantless searches devolves almost unbridled discretion upon executive and administrative officers, particularly those in the field, as to when to search and whom to search. A warrant, by contrast, would provide assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria.  Also, a warrant would then and there advise the owner of the scope and objects of the search, beyond which limits the inspector is not expected to proceed."); *Marshall v. Wollaston Alloys, Inc.*, 479 F.Supp. 1102 (D. Mass. 1979)(holding that an employer that refused to allow private interviews of its employees was not in contempt because the warrant the Secretary of Labor relied on to conduct its general inspection did not include any language pertaining to private employee interviews).  The Court finds that a contempt sanction is not warranted.

The Court notes that Casino Del Sol does not appear to dispute that the OSHA validly authorizes private employee interviews, and that Casino Del Sol would not oppose private employee interviews assuming a warrant simply contained language pertaining to private employee interviews.  As such, it appears that further disputes in this matter could be avoided if the Secretary of Labor filed another application and attached a warrant containing language authorizing private employee interviews.

**II.  Conclusion**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Secretary of Labor's petition for contempt adjudication (Doc. #4) is **denied**.

DATED this 26th day of April, 2007.

FRANK R. ZAPATA
United States District Judge

- 3 -